**Lavette SANDERS, individually and as guardian ad litem for the estate of Michael L. Sanders, Plaintiff–Appellant,**

v.

**CITY OF FRESNO; et al., Defendants–Appellees.**

No. 08–16077.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 21, 2009.

Waukeen Q. McCoy, Esquire, Law Offices, San Francisco, CA, for Plaintiff–Appellant.

Bruce Daniel Praet, Ferguson, Praet & Sherman, Santa Ana, CA, Bruce Bradford Johnson, Jr., Esquire, Fresno, CA, Michael Brave, Esquire, National Litigation Counsel, Eau Claire, WI, Holly Gibeaut, Esquire, Taser International, Inc., Scottsdale, AZ, Mildred Katherine O'Linn, Esquire, Manning & Marder Kass Ellrod Ramirez, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SILVERMAN, CLIFTON and M. SMITH, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Lavette Sanders appeals the district court's grant of summary judgment to Defendants–Appellees City and County of Fresno (Fresno) and five police officers: Jerry Dyer, Richard Paul Brown, Eloy Escareneo, Jessee Herring and Beau Burger (the Officers). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.

The district court did not err in granting summary judgment to the Officers on Sanders's 42 U.S.C. § 1983 action because

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sanders failed to raise a triable issue of fact as to whether the Officers used unreasonable force to arrest her husband, Michael. Judging their actions "from the perspective of a reasonable officer on the scene," the Officers acted reasonably in initiating the use of force against Michael to protect Sanders from apparent danger, and then in continuing to use force to subdue Michael, who was actively resisting arrest. *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The amount of force used was not unreasonable under the circumstances. *See id.* at 396–97, 109 S.Ct. 1865 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."); *see also Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1994) ("Officers . . . need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable.").

The district court also did not err in granting summary judgment to Fresno on the issue of municipal liability, since Sanders failed to establish a triable issue of fact as to whether the city was responsible for a constitutional tort. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir.2002); *see also Estate of Amos ex rel. Amos v. City of Page*, 257 F.3d 1086, 1094 (9th Cir.2001) (holding that to prevail on a municipal liability claim, a plaintiff must show (1) that constitutional rights were violated, (2) that the municipality had customs or policies in place at the time that amounted to deliberate indifference, and

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

(3) that those customs or policies were the moving force behind the violation of rights).

Sanders's motion requesting judicial notice of extra records not presented to the district court is denied, as she has failed to provide a convincing reason for this court to consider those records. *See Daly–Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir.1988).

**AFFIRMED.**